UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JOSE RODRIGUEZ, JR.,

        Plaintiff,

v.                                             Case No. 2:11-CV-515

JEFFREY STEVIE,, et al.,                HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff, Jose Rodriguez, has filed Objections to the Report and Recommendation (R&R) issued January 24, 2013, in which Magistrate Judge Greeley recommended that Defendant Pomeroy's Motion for Summary Judgment be granted on the ground that Plaintiff has failed to exhaust his available administrative remedies.[1] The magistrate judge found that Plaintiff's Grievance KCF-11-11-1240-28e is the only grievance that mentions Defendant Pomeroy, and while Plaintiff pursued that grievance through Step III of the grievance process, the grievance was rejected as untimely at all three levels. (R&R at 6.) Thus, the magistrate judge concluded, Plaintiff failed to properly exhaust his administrative remedies.

When a party objects to a report and recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R.

---

[1] The magistrate judge also concluded that Defendant Pomeroy is entitled to summary judgment because Plaintiff failed to allege specific facts in his Complaint showing that Defendant Pomeroy engaged in any active unconstitutional behavior. (R&R at 7.) However, in the end, the R&R only recommends that the Court grant Defendant Pomeroy's motion on the basis of Plaintiff's failure to exhaust his administrative remedies. (*Id.* at 8.)

Civ. P. 72(b)(3). Having conducted a *de novo* review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Plaintiff raises two arguments relating to exhaustion. Plaintiff first argues that even though his grievance was denied as untimely, he properly exhausted his claim by appealing the rejected Step I grievance through Steps II and III. Plaintiff's argument lacks merit because "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 2386 (2006). Hence, a prisoner cannot properly exhaust "by filing an untimely or otherwise procedurally defective administrative grievance." *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009); *see also Brown v. Drew*, 452 F. App'x 906, 907 (11th Cir. 2012) ("A prisoner cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal."); *Mack v. Curran*, 457 F. App'x 141, 144 (3d Cir. 2012) (stating that "an untimely administrative grievance does not satisfy the mandatory exhaustion requirement of the PLRA").

Plaintiff next argues that the Michigan Department of Corrections' administrative grievance process does not apply to claims against employees of private contractors, such as Defendant Pomeroy. The Court disagrees. The Sixth Circuit has held that the Prison Litigation Reform Act's exhaustion requirement applies to claims by prisoners being held in correctional facilities operated by private contractors. *Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2004). Thus, claims against private employees providing services in a state-run prison are also subject to exhaustion. *See Peoples v. Corizon Health, Inc.*, No. 2:11-CV-01189-NKL, 2012 WL 1854730, at *2 n.2 (W.D. Mo. May 21, 2012) ("Whether or not CMS employees qualify as 'government officials' under § 1997e(a), a denial of medical treatment clearly represents a condition of confinement triggering the exhaustion requirement."); *Hallock v. Ill. Dep't of Corrs.*, No. 10-cv-

0060-DRH, 2010 WL 2574163, at *2 (S.D. Ill. June 23, 2010) ("Because Plaintiff's complaint seeks relief against prison officials (and a private contractor providing medical services to prisoners) and because the suit involves prison conditions, the instant complaint should be dismissed for failing to exhaust administrative remedies."). Thus, the magistrate judge correctly concluded that Plaintiff failed to exhaust his available administrative remedies against Defendant Pomeroy.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 24, 2013 (docket no. 62) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (docket no. 64) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Pomeroy's Motion for Summary Judgment (docket no. 16) is **GRANTED**, and Plaintiff's claims against Defendant Pomeroy are **dismissed** for failure to exhaust available administrative remedies.


Dated: March 22, 2013                                    /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE